[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15424
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00411-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MALLADY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2010)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Richard Mallady appeals his 65-month sentence imposed following his guilty plea to conspiracy to commit bank fraud, 18 U.S.C. §§ 2, 1349. Mallady contends (1) the district court erred by not making particularized findings as to the scope of his personal criminal activity before attributing him with the full amount of loss for the overall conspiracy and (2) based on that procedural deficiency, his sentence is substantively unreasonable. After review, we affirm Mallady's sentence.

I.

For the first time on appeal, Mallady asserts the district court erred by attributing him with the full amount of loss for the whole conspiracy without making particularized findings as to the scope of his own criminal activity.[1]

A district court may hold participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. *United States v. Hunter*, 323 F.3d 1314, 1319 (11th Cir. 2003). However, before a district court may hold a defendant liable for the

---

[1]Because he did not actually object to the district court's failure to make particularized findings about his criminal conduct or the reasonably foreseeable loss, Mallady failed to preserve this issue for appeal. Thus, the plain error standard applies. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs when (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 1244-45 (internal quotation omitted). In plain error review, the defendant bears the burden to prove his substantial rights were affected. *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003).

acts of others and the resulting losses, "the district court must first make individualized findings concerning the scope of criminal activity undertaken by a particular defendant. . . . Only after the district court makes individualized findings concerning the scope of criminal activity the defendant undertook is the court to determine reasonable foreseeability." *Id*. (internal quotations and citations omitted). Accordingly, a district court's finding that a defendant knew he was a member of a conspiracy is insufficient to attribute that defendant with all of the conduct and losses of the conspiracy. *See Hunter*, 323 F.3d at 1320 (reversing and remanding a district court's sentencing determination because it failed to make particularized findings regarding the criminal conduct of the defendants in relation to the larger conspiracy).

Although the district court committed an error that was plain by not making particularized findings concerning the scope of Mallady's criminal activity, Mallady has failed to show the error affected his substantial rights. Mallady knew several other members of the conspiracy and had actual knowledge of the amount of checks cashed by these individuals. Had the district court made particularized findings about Mallady's criminal activity, the district court would have retained the discretion to find Mallady could have reasonably foreseen all of the criminal conduct and losses from the counterfeit check-cashing ring. *See Hunter*, 323 F.3d

3

at 1319-20. Additionally, even if the district court had found all of the losses were not reasonably foreseeable, the district court retained discretion to sentence Mallady above the advisory Guidelines range based on the § 3553(a) factors. Accordingly, because Mallady failed to meet his burden to prove his substantial rights were affected, the district court's failure to make particularized findings regarding Mallady's criminal activity was not plain error.

## II.

We review the reasonableness of sentences imposed under the advisory sentencing guidelines under an abuse of discretion standard. *Gall*, 128 S. Ct. at 600. If the district court's sentence is procedurally sound, we then evaluate whether the sentence imposed by the district court is substantively reasonable and achieves the purposes of sentencing under 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The burden of establishing unreasonableness lies with the party challenging the sentence. *Id*. at 788.

Beyond challenging the district court's procedural error, Mallady has made no arguments as to why his mid-range Guideline sentence is substantively unreasonable or fails to achieve the goals of sentencing. Thus, Mallady has not met his burden of establishing the substantive unreasonableness of his sentence.

**AFFIRMED.**

4